

DA 06-0633

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 320N

IN RE: THE MARRIAGE OF

DAVID ALAN WEBB

      Plaintiff and Appellant,

  v.

ADDIE RAE WEBB,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-06-19
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David Alan Webb, pro se, Columbia Falls, Montana

      For Appellee:

      Stephen E. Woodruff, Huppert, Swindlehurst & Woodruff, P.C.,
Livingston, Montana

                  Submitted on Briefs:  October 3, 2007

                            Decided:  December 5, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable casers published in the Pacific Reporter and Montana Reports.

¶2     Appellant David Alan Webb (David), appearing *pro se,* appeals the findings of fact, conclusions of law and the interim order of the Sixth Judicial District requiring David's parenting time with the parties' children to be professionally supervised for a period of four months. The interim order states the District Court would entertain other options and re-evaluate the best interests of the children after four months of supervised visitation.  We affirm.

¶3     A 1998 decree granted the Appellee (Addie) primary custody of the parties' two minor children, and David professionally supervised visitation.  In May of 2006, David filed a motion with the Sixth Judicial District to modify the parenting arrangements. David was not represented by counsel at the hearing on the motion. In its findings, conclusions and order, the District Court noted that David behaved strangely during the hearing on his motion.  David left the courtroom and later returned. He did not sit at counsel table, and instead, sat at the back of the courtroom.  The court denied David the opportunity to cross-examine Addie because he was not sitting at counsel table.

2

¶4     The court denied David's request for modification of parenting arrangements. Because of his behavior, the court ordered David to have a psychological and possibly a physical examination to determine his capacity to parent the children without supervision.

¶5     On appeal, David claims he was informed the allotted time for hearing the matter was limited to forty-five minutes per party. It is David's contention that at the hearing, Addie and her attorney were not time limited in presenting their case. David maintains that because the majority of his case was cross-examining Addie, and his opportunity to do so was denied, he was denied due process of law.

¶6     David further argues the findings of fact were clearly erroneous, and there was a lack of credible evidence to support the findings. He also asserts that in its order the District Court erred in failing to provide for the best interests of the children.

¶7     On the basis of the record before us, we decline to address the issue of whether or under which circumstances an interim order might constitute a final order for purposes of appeal. A transcript of the proceedings has not been provided.

¶8     The applicable standard of review concerning findings of fact is whether the district court's findings are clearly erroneous. *In re Marriage of Epperson,* 2005 MT 46, ¶ 17, 326 Mont. 142, ¶ 17, 107 P.3d 1268, ¶ 17. If the findings are supported by substantial credible evidence, we affirm the district court unless an abuse of discretion is shown. *In re Marriage of Baer,* 1998 MT 29, ¶ 18, 287 Mont. 322, ¶ 18, 954 P.2d 1125 ¶ 18 (also cited in *Toavs v. Buls,* 2006 MT 68, ¶ 7, 331 Mont. 437, ¶ 7, 133 P.3d 202, ¶ 7).

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit. The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, the findings of fact are supported by substantial evidence, and there was clearly no abuse of discretion by the District Court.

¶10 Affirmed.


/S/ JIM RICE


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS